**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-1429
_____

MERLENE JORDAN,
                                    Appellant

v.

MICHAEL ASTRUE
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 1-12-cv-00244)
District Judge:  Honorable Donetta W. Ambrose
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
August 19, 2014
Before:  HARDIMAN, NYGAARD and ROTH, Circuit Judges

(Opinion filed: August 29, 2014)
_____

OPINION
_____

PER CURIAM

        Merlene Jordan appeals pro se from the District Court's order granting summary

judgment in favor of the defendant.  We will affirm.

I.

In January 2010, the Social Security Administration ("the Agency") stopped payment of supplemental social security income ("supplemental SSI") to Jordan after it had received an IRS alert that Jordan's non-excludable resources exceeded $2000.00, thereby disqualifying her from receiving continued supplemental SSI payments. Jordan requested that the Agency reconsider its decision and, after several communications between her and the Agency, the Agency found that Jordan had not been entitled to supplemental SSI benefits since November 1, 2007. Jordan requested a hearing before an administrative law judge ("ALJ"), during which she argued that the resources in her bank accounts were not "resources" for the purposes of calculating eligibility for supplemental SSI. The ALJ found that because Jordan had the ability to withdraw funds from the accounts for her own support, and because her accounts were not excludable under the regulations, they were "resources" that made Jordan ineligible for supplemental SSI. The Appeals Council denied review.

Jordan then appealed the ALJ's decision to the District Court, again arguing that the money in two of her bank accounts did not count as a "resource." The Agency moved for summary judgment, asserting that substantial evidence supported the ALJ's decision. The District Court agreed and granted summary judgment in favor of the Agency. Jordan timely appeals.

II.

We have jurisdiction pursuant to 28 U.S.C. § 1291. Our review is limited to

determining whether substantial evidence supports the ALJ's decision. Rutherford v. Barnhart, 399 F.3d 546, 552 (3d Cir. 2005).

Under the Social Security Act ("the Act"), an individual who is otherwise eligible for supplemental SSI benefits must have must have a total countable income and resources below $2000.00. 42 U.S.C. § 1382(a). Resources include "cash or other liquid assets or any real or personal property that an individual (or spouse, if any) owns and could convert to cash to be used for his or her support and maintenance." 20 C.F.R. § 416.1201(a). The Agency determines ownership over a bank account, regardless of the source of the funds in the account, by looking to whether the individual "is designated as sole owner by the account title and can withdraw funds and use them for his or her support and maintenance." 20 C.F.R. § 416.1208(b). Here, the bank statements submitted to the ALJ demonstrated that Jordan's bank accounts totaled more than $2000.00 between 2007 and 2010, that they were in her name solely, and that she had control over the funds in the accounts, including the ability to withdraw them for her personal use. Moreover, Jordan did not dispute that her accounts totaled more than $2000.00 between 2007 and 2010. Instead, she argued that much of the money in her account should not have been counted in determining her eligibility.

First, she claimed that her resources were held in a "Family Savings Account," and that she was informed by the Greater Erie Community Action Committee that funds placed in such an account would be "excludable" resources for the purposes of calculating entitlement to supplemental SSI benefits. While the regulations provide for

3

the exclusion of funds used as part of a "plan to achieve self-support," such a plan must be approved by the Agency. See 20 C.F.R. 416.1226(a)(1)-(3); 42 U.S.C. § 1382b(a)(4). As Jordan had not been approved to set aside resources under a "plan to achieve self-support," her resources were not excludable. See id.

Jordan also claimed that her bank accounts held money that her daughters had received through a non-support order and through an order of Veterans Affairs, and that the funds were reserved for educational expenses. She claimed that she transferred the money to her personal bank account so that her "immature" daughter would not spend it all. The Agency will exclude for nine months any resources received under a "grant, scholarship, fellowship, or gift that [a recipient] use[s] or set[s] aside to pay the cost of tuition, fees, or other necessary educational expenses . . . ." 20 C.F.R. § 416.1250(a). Here, although Jordan provided evidence showing that the money was initially designated for her daughter's educational expenses, she received the money in 1981 and 1984 and had not used it by 2010 when the Agency stopped her supplemental SSI payments. Because she did not use the money on educational expenses within nine months of receiving it, it was not excludable. See id.

Jordan last claimed that her excess resources were being reserved for burial expenses. Although a recipient of supplemental SSI may set aside up to $1,500.00 in burial expenses, the excludable funds must be clearly designated and must not be mixed with any resources not intended for burial. 20 C.F.R. § 416.1231(b)(1). Because Jordan did not provide evidence showing that the excess money in her accounts totaled only

4

$1500.00, and because it was not separately identifiable, it was not excludable as a burial expense.  See id.

The ALJ's decision was therefore supported by substantial evidence.  See Rutherford, 399 F.3d at 552.  Accordingly, we will affirm the judgment of the District Court.